UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

| DONNA SUE ATKINSON, | |
|---|---|
| Plaintiff | Case No. 5:17-cv-01248-GJS |
| v. | |
| NANCY A. BERRYHILL, Acting Commissioner of Social Security, | **MEMORANDUM OPINION AND ORDER** |
| Defendant. | |

## I. PROCEDURAL HISTORY

Donna Sue Atkinson ("Plaintiff") filed a complaint seeking review of the decision of the Commissioner of Social Security finding her not disabled for purposes of entitlement to Disability Insurance Benefits ("DIB"), following a closed period of disability. [Dkt. 1.] The parties filed consents to proceed before the undersigned United States Magistrate Judge [Dkts. 9 and 11] and briefs addressing disputed issues in the case [Dkt. 18 ("Pl. Br.") and Dkt. 19 ("Def. Br.").] The Court has taken the parties' briefing under submission without oral argument. For the reasons discussed below, the Court finds that this matter should be remanded for additional proceedings.

/ / /

/ / /

## II. ADMINISTRATIVE DECISION UNDER REVIEW

On February 10, 2010, Plaintiff filed an application for DIB, alleging disability as of March 9, 2009. [Dkt. 15, Administrative Record ("AR") 112-15, 1130.] After Plaintiff's application was denied initially and on reconsideration, a hearing took place before Administrative Law Judge Michael D. Radensky ("ALJ Radensky") on October 25, 2011. [AR 25-53, 56-65.] On November 17, 2011, ALJ Radensky issued a decision concluding that Plaintiff was not disabled. [AR 8-20.] The Appeals Council denied review. [AR 1-3.] Plaintiff then filed an action with this Court (Case No. 5:13-cv-01361-AN) and, on March 3, 2014, this Court remanded the matter for further proceedings in accordance with the parties' stipulation to remand. [AR 667-69, 692-93, 699-702.]

A second hearing was held before ALJ Radensky on July 21, 2014. [AR 617-43.] On August 1, 2014, ALJ Radensky issued a decision concluding that Plaintiff was not under a disability. [AR 596-609.] Plaintiff then filed an action with this Court (Case. No. 5:14-cv-02337-GJS) and, on October 5, 2015, this Court remanded the case for further proceedings. [AR 1234-36, 1261-78.]

On December 8, 2016, a hearing was held before Administrative Law Judge Laura Fernandez ("the ALJ"). [AR 1152-1205.] On February 27, 2017, the ALJ issued a decision concluding that for a closed period beginning on March 9, 2009, and ending on January 8, 2014, Plaintiff was disabled, but a medical improvement occurred and Plaintiff's disability ended on January 9, 2014. [AR 1130-1144.]

In determining that Plaintiff was disabled for the closed period, the ALJ made the following findings: Plaintiff had not engaged in substantial gainful activity since March 9, 2009, the alleged onset date; Plaintiff had the severe impairments of major depressive disorder, generalized anxiety disorder, arthralgia of the right shoulder, neck, and thoracic spine, headaches, and obesity from March 9, 2009, through January 8, 2014; and the severity of Plaintiff's impairments met the criteria of section 12.04 of 20 C.F.R. Part 404, Subpart P, Appendix 1 ("the Listings") from

March 9, 2009, through January 8, 2014. [AR 1133-36]; *see* 20 C.F.R. § 404.1520(b)-(d). [AR 1133-36.]

Next, the ALJ applied the medical improvement regulations in determining that Plaintiff's period of disability ended on January 8, 2014. [AR 1137-44]; *see* 20 C.F.R. § 404.1594.[1] The ALJ found that Plaintiff's impairments did not meet or medically equal the severity of one of the impairments in the Listings since January 9, 2014. [AR 1137-38.] The ALJ found that medical improvement occurred on January 9, 2014, and the medical improvement was related to Plaintiff's ability to work. [AR 1138.] The ALJ found that as of January 9, 2014, Plaintiff had the same severe impairments that she had from March 9, 2009, through January 8, 2014. [AR 1133, 1137.] The ALJ found that beginning on January 9, 2014, Plaintiff had the residual functional capacity ("RFC") to perform medium work, including the ability to: lift, carry, push, and/or pull 50 pounds occasionally and 25 pounds frequently; sit, stand, and walk up to 6 hours in an 8-hour workday; reach overhead with the upper extremities (bilaterally) frequently; use hand controls (bilaterally) frequently; reach in all directions (bilaterally) frequently; handle and finger (bilaterally) frequently; and perform postural activities frequently. [AR 1138-39.] The ALJ further found that Plaintiff may not type and/or keyboard, is precluded from climbing ladders, ropes, and scaffolds, must avoid all exposure to unprotected heights or moving mechanical parts, and is limited to simple, routine tasks with no

---

[1] The Commissioner has established an eight-step sequential evaluation process for determining whether a claimant's impairments have sufficiently improved to warrant cessation of benefits. *See* 20 C.F.R § 404.1594(f). The eight steps are as follows: (1) whether the claimant is engaged in substantial gainful activity; (2) whether the claimant has an impairment or combination of impairments that meets or equals a listed impairment; (3) whether medical improvement has occurred; (4) whether the medical improvement is related to the claimant's ability to work; (5) whether any exception to the medical improvement standards apply; (6) whether the claimant's current impairments in combination are severe; (7) whether the claimant can perform past relevant work with the claimant's current RFC; and (8) whether the claimant can perform other work existing in significant numbers in the national economy given the claimant's RFC, age, education, and past work experience. *Id.*

3

public contact and no more than occasional coworker contact. [AR 1139.] The ALJ determined that Plaintiff was unable to perform her past relevant work as a customer service representative since January 9, 2014. [AR 1143.] Finally, the ALJ determined that beginning on January 9, 2014, Plaintiff could perform jobs existing in significant numbers in the national economy, including representative occupations such as industrial sweeper, furniture cleaner, and laundry worker. [AR 1143-44.] Therefore, the ALJ concluded that Plaintiff's disability ended on January 9, 2014. [AR 1144.] This action followed.

Plaintiff challenges the ALJ's decision, as follows:
1. The ALJ failed to properly consider relevant medical evidence regarding Plaintiff's physical impairments in the assessment of Plaintiff's RFC.
2. The ALJ failed to properly consider relevant psychiatric/mental evidence in the assessment of Plaintiff's RFC.
3. The ALJ failed to properly evaluate Plaintiff's subjective symptom testimony.

[Pl. Br. at 9-23.]

Plaintiff requests reversal and remand for payment of benefits or, in the alternative, remand for further administrative proceedings. [Pl. Br. at 23-24.]

The Commissioner asserts that the ALJ's decision should be affirmed. [Def. Br. at 7.]

### III. GOVERNING STANDARD

Under 42 U.S.C. § 405(g), the Court reviews the Commissioner's decision to determine if: (1) the Commissioner's findings are supported by substantial evidence; and (2) the Commissioner used correct legal standards. *Carmickle v. Comm'r, Soc. Sec. Admin.*, 533 F.3d 1155, 1159 (9th Cir. 2008); *Hoopai v. Astrue*, 499 F.3d 1071, 1074 (9th Cir. 2007). Substantial evidence is "such relevant evidence as a reasonable mind might accept as adequate to support a conclusion."

*Richardson v. Perales*, 402 U.S. 389, 401 (1971) (internal citation and quotations omitted); *see also Hoopai*, 499 F.3d at 1074.

## IV. DISCUSSION

Plaintiff contends the ALJ did not adequately consider the opinion of an examining psychiatrist, Dr. Ijeoma Ijeaku,[2] and erred in assessing her RFC for the period beginning on January 9, 2014, after her alleged medical improvement. [Pl.'s Br. at 19-20; AR 878-83, 1138-39.]

On December 14, 2013, Dr. Ijeaku completed a psychiatric evaluation of Plaintiff. [AR 878-83.] Dr. Ijeaku reported that Plaintiff was inappropriately dressed and inadequately groomed, complained of a depressed and tired mood, had a dysphoric and tearful affect, and displayed psychomotor retardation, fair concentration, fair memory, limited eye contact, and slow, stressed and quiet speech. [AR 881-82.] Dr. Ijeaku diagnosed Plaintiff with depressive disorder, not otherwise specified, rule out major depressive disorder without psychotic features, and assessed Plaintiff with a Global Assessment of Functioning score of 52. [AR 882.] Dr. Ijeaku opined that Plaintiff was "moderately impaired" in her ability to: "perform activities within a schedule and maintain regular attendance;" "complete a normal workday/workweek without interruptions from psychiatric based symptoms;" "respond appropriately to changes in a work setting;" and "understand, remember, and carry out complex instructions." [*Id.*] Dr. Ijeaku further found that Plaintiff was "mildly impaired" in her ability to "understand, remember, and carry out simple instructions" and "maintain concentration, attendance, and persistence." [*Id.*]

In assessing Plaintiff's mental RFC for the period beginning on January 9, 2014, the ALJ did not account for Dr. Ijeaku's findings that Plaintiff was "moderately impaired" in her ability to perform activities within a schedule,

---

[2] The Court previously remanded this matter so that the ALJ could properly consider the limitations assessed by Dr. Ijeaku. [AR 878-83, 1261-69.]

5

maintain regular attendance, complete a normal workday or workweek without interruptions from psychiatric based symptoms, and respond appropriately to changes in a work setting.[3] [AR 882, 1139-40.] Rather than stating reasons for rejecting this aspect of Dr. Ijeaku's opinion, the ALJ purported to give Dr. Ijeaku's opinion "partial weight," noting only that Dr. Ijeaku found Plaintiff to have mild limitations understanding, remembering, and carrying out simple instructions, for the period beginning on January 9, 2014. [AR 1142.] The ALJ stated:

> I give partial weight to the opinion of the psychiatric consultative examiner who opined the claimant had moderate limitations in several area[s], but who concluded that the claimant's ability to understand, remember, and carry out simple instructions was only mildly limited.

[AR 1142.] The ALJ also stated that she attributed "great weight" to the opinions of two, non-examining doctors, who found, in part, that Plaintiff could perform "non-complex, routine tasks" or "one-[to-]two step repetitive tasks." [AR 539, 1142, 1164.] The ALJ concluded that the opinions of these non-examining doctors were "consistent with the evidence of record" for the period beginning on January 9, 2014. [AR 1142.]

An ALJ must provide clear and convincing reasons supported by substantial evidence to reject the uncontradicted opinion of a treating or examining physician and specific and legitimate reasons supported by substantial evidence to reject the contradicted opinion of a treating or examining physician. *See Bayliss v. Barnhart*, 427 F.3d 1211, 1216 (9th Cir. 2005) (citing *Lester v. Chater*, 81 F.3d 821, 830-31 (9th Cir. 1995). "Where an ALJ does not explicitly reject a medical opinion or set forth specific, legitimate reasons for crediting one medical opinion over another, he

---

[3] The Court notes that for the closed period of disability, the ALJ found Dr. Ijeaku's opinion was entitled to "less weight," because his opinion regarding the severity of Plaintiff's mental impairments and functional limitations was "not restrictive enough," given the objective evidence establishing that Plaintiff's impairments met the requirements of Listing 12.04. [AR 1136.]

6

errs." *Garrison v. Colvin*, 759 F.3d 995, 1012 (9th Cir. 2014).

Here, the ALJ erred by failing to provide legally sufficient reasons for discounting Dr. Ijeaku's opinion for the period beginning on January 9, 2014. [AR 882, 1142.] While Dr. Ijeaku's finding that Plaintiff has mild limitations in understanding, remembering and carrying out simple instructions may have been inconsistent with the opinions of the non-examining doctors, the ALJ did not explain why such an inconsistency should lead to the conclusion that Dr. Ijeaku's opinion should be disregarded. [AR 1142.] To reject all or part of Dr. Ijeaku's opinion, the ALJ had an obligation to provide specific, legitimate reasons supported by substantial evidence in the record. *See Widmark v. Barnhart*, 454 F.3d 1063, 1066-67 (9th Cir. 2006) (a conflicting opinion from state agency reviewing physician triggers the "specific and legitimate" standard for discounting the opinion of an examining physician); *Lester*, 81 F.3d at 830-31. That the opinions from the non-examining doctors merely conflicted with Dr. Ijeaku's opinion did not justify the rejection of Dr. Ijeaku's opinion. *See Lester*, 81 F.3d at 831 ("The opinion of a nonexamining physician cannot by itself constitute substantial evidence that justifies the rejection of the opinion of either an examining physician or a treating physician."); *Pitzer v. Sullivan*, 908 F.2d 502, 506, n.4 (9th Cir. 1990) ("The nonexamining physicians' conclusion, with nothing more, does not constitute substantial evidence, particularly in view of the conflicting observations, opinions, and conclusions of an examining physician.").

The Commissioner argues that Dr. Ijeaku's opinion was "not probative as to the period of nondisability that began on January 9, 2014," because it predated Plaintiff's alleged medical improvement. [Def. Br. at 4 (citing *Magallanes v. Bowen*, 881 F.2d 747, 754 (9th Cir. 1989).] However, the fact that an examining doctor rendered an opinion on a certain date does not mean the opinion is irrelevant to a later time period. *See Williams v. Astrue*, 493 F. App'x 866, 868-69 (9th Cir. 2012) (finding the ALJ erred in failing to consider medical opinions predating the

claimant's alleged onset of disability); *McQueen v. Colvin*, No. 3:15-CV-05893 JRC, 2016 WL 4009850, at *2 (W.D. Wash. July 27, 2016) ("It is logical that medical observations suggesting that a claimant suffered from limitations at one point are relevant to the question of whether or not the claimant suffered from the same limitations either before or after that point."). The ALJ must still fulfill her duty to "consider all medical opinion evidence." *Tommasetti v. Astrue*, 533 F.3d 1035, 1041 (9th Cir. 2008); 20 C.F.R. § 404.1527(b) ("In determining whether you are disabled, we will always consider the medical opinions in your case record together with the rest of the relevant evidence we receive."). While the fact that a medical opinion was not issued contemporaneously with the period at issue may be one factor the ALJ can consider in giving an opinion more or less weight, a medical opinion is not irrelevant simply because it predates an alleged medical improvement date. *See McQueen*, 2016 WL 4009850, at *2. This is particularly true in this case, as Dr. Ijeaku issued his opinion just a few weeks before Plaintiff's alleged medical improvement date and the ALJ found that Plaintiff continued to suffer from the same severe impairments that were present during the closed period. [AR 882, 1137.] Because the ALJ failed to offer legally sufficient reasons for disregarding Dr. Ijeaku's opinion that Plaintiff had several moderate limitations in functioning (i.e., performing activities within a schedule, maintaining regular attendance, completing a normal workday or workweek without interruptions from psychiatric based symptoms, and responding appropriately to changes in a work setting), the ALJ's assessment of Plaintiff's RFC for the period beginning January 9, 2014, is not supported by substantial evidence. [AR 882, 1139-40, 1142]; *see Lester*, 81 F.3d at 830-31.

## V. CONCLUSION

Where "an ALJ makes a legal error, but the record is uncertain and ambiguous, the proper approach is to remand the case to the agency." *Treichler v. Commissioner of Social Security Admin.*, 775 F.3d 1090, 1105 (9th Cir. 2014). The

8

Court has the discretion to credit as true improperly rejected evidence and remand for payment of benefits where the following three factors are satisfied: (1) the record has been fully developed and further administrative proceedings would serve no useful purpose; (2) the ALJ has failed to provide legally sufficient reasons for rejecting evidence, whether claimant testimony or medical opinion; and (3) if the improperly discredited evidence were credited as true, the ALJ would be required to find the claimant disabled on remand. *See Garrison*, 759 F.3d at 1020; *see also Treichler*, 775 F.3d at 1100-01. But even where all three factors of this "credit-as-true" rule are met, the Court retains discretion to remand for further proceedings "when the record as a whole creates serious doubt as to whether the claimant is, in fact, disabled within the meaning of the Social Security Act." *Garrison*, 759 F.3d at 1021; *see also Brown-Hunter v. Colvin*, 806 F.3d 487, 495 (9th Cir. 2015) ("The touchstone for an award of benefits is the existence of a disability, not the agency's legal error.").

Here, the ALJ's assessment of Plaintiff's mental impairment for the period beginning on January 9, 2014, did not reflect adequate consideration of Dr. Ijeaku's opinion. Because questions regarding the extent to which Plaintiff's mental impairment limits her ability to work remain unresolved, the record has not been fully developed and remand for further proceedings is appropriate. *See Garrison*, 759 F.3d at 1020; *Dominguez v. Colvin*, 808 F.3d 403, 407 (9th Cir. 2016) (remand for further proceedings is appropriate when the record is not "fully developed"). On remand, the ALJ should reassess Dr. Ijeaku's opinion, explain the weight afforded to it, and provide legally adequate reasons for rejecting or discounting it. Because this matter is being remanded for reassessment of Plaintiff's mental impairment and Dr. Ijeaku's opinion for the period beginning on January 9, 2014, the Court does not reach the remaining issues raised by Plaintiff, except as to determine that reversal with the directive for immediate payment of benefits would not be appropriate at

this time.[4] However, the ALJ should address Plaintiff's additional contentions of error when evaluating the evidence on remand.

Accordingly, remand for additional proceedings is appropriate.

**IT IS ORDERED.**

DATED: July 31, 2018

_____
GAIL J. STANDISH
UNITED STATES MAGISTRATE JUDGE

---

[4] Nothing in this decision is intended to disturb the ALJ's finding that Plaintiff was disabled during the closed period from March 9, 2009, through January 8, 2014.